SAMUEL L. HUNT *versus* CHARLES ELLIOTT.

It is provided by the St. of 1835, c. 165, § 6, that in actions founded on con-
tract, the defendant may consent in writing to be defaulted, and that judg-
ment shall be rendered against him for a sum specified by him in said
writing; and that the same shall be entered on record. After the record
has been made under the direction of the Court, it is the best evidence of
the fact, and evidence to contradict the record may properly be excluded.

But where no offer to be defaulted has been made in writing, if it appears
that an entry of such offer was made on the docket by the clerk upon the
authority only of a verbal direction of the attorney of the defendant, the
Court must disregard it.

EXCEPTIONS from the Eastern District Court, CHANDLER J.
presiding.

Assumpsit to recover fifty dollars for so much money had
and received. The exceptions state, that at the Oct. Term of
that Court, 1838, this entry was made by the clerk on his
docket under the action, at the verbal request of the defend-
ant's attorney. " 1 day. Defendant offers to be defaulted for
\$20", and that this entry still remains on the docket, but that
no offer was made by the defendant in writing ; that the action
was continued until the October Term of that Court, 1839,
when the general issue was pleaded and joined, and the cause
opened for trial to the jury, and a witness called by the plaintiff
and examined to support his claim ; that after the examination
of the witness, the plaintiff's counsel stated to the Court that
he was disappointed in the testimony, and would consent to a
nonsuit ; that a nonsuit was entered, no objection being made ;
that immediately afterwards the same counsel stated to the
Court, that he believed there was an offer to be defaulted, which
offer he would accept, and moved the Court to take off the non-
suit, and that his acceptance should be recorded ; that the de-
fendant objected that no offer was made which was binding
upon either plaintiff or defendant, and that if there was, such
acceptance was too late ; that the presiding Judge ruled that
the offer, as made, was binding upon the defendant, that the
nonsuit should be taken off, and that the plaintiff's acceptance
of the offer should be recorded ; and that the defendant filed
exceptions thereto. After all these statements, there is upon

the paper the recital of an agreement of the counsel of the parties, from which their clients dissented, and it was rescinded.

*Cutting*, for the defendant, contended that there was no such offer to be defaulted, as the statute requires, to be binding on the parties. It was not in writing, and the clerk has no authority to enter any offer to be defaulted, which is not in writing. But had it been in writing, it does not go far enough. It is only an offer to be defaulted for $20, when it should have gone further, and stated that he was willing to have judgment rendered against him for that sum and costs. St. 1835, c. 165, § 6. The subsequent proceedings were a waiver of any offer to be defaulted, and was so understood by the parties.

*Ingersoll*, for the plaintiff, argued that the plaintiff could only look to the docket to ascertain whether there was or was not an offer to be defaulted. The defendant cannot set up the illegality of his own acts for his own advantage. 4 Mass. R. 161 ; 16 Mass. R. 335. Whether to take off a nonsuit, or not, is a mere matter of discretion in the Judge of the District Court, and is not subject to revision in this Court by exceptions.

The opinion of the Court was by

SHEPLEY J. — It is provided by Statute, 1835, c. 165, § 6, that in actions founded in contract, the defendant may consent in writing to be defaulted, and that judgment shall be rendered against him for a sum by him specified in said writing ; and that the same shall be entered on record.

After the record has been made as provided, under the direction of the court, it is the best evidence of the fact ; and evidence to contradict the record may properly be excluded.

In this case evidence was received apparently without objection, that no offer was made by the defendant in writing. And the entry on the docket does not appear to have been made from any other authority than a verbal request from the attorney to the clerk. This court has decided to disregard all agreements not reduced to writing ; and the effect of the record having been destroyed, this offer can only be regarded as of that character.          *Exceptions sustained.*